O

# United States District Court
# Central District of California

SAMUEL LOVE,

              Plaintiff,

    v.

JOSE M. SANCHEZ; MARIA B. SANCHEZ; and DOES 1–10, inclusive,

              Defendants.

Case No. 5:15-cv-1700-ODW(DTBx)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [25]**

## I.   INTRODUCTION

Before the Court is Plaintiff Samuel Love's ("Love") Motion for Summary Judgment on his claims under the Americans with Disabilities Act and the Unruh Act. (ECF No. 25.)  Defendants Jose M. Sanchez and Maria B. Sanchez[1] argue that their disabled parking space now meets the ADA Accessibility Guidelines and that Love's ADA claim is therefore moot.  (*See* Opp., ECF No. 31.)  In response, Love hired an investigator who concluded that the disabled space does not fully comply with the ADAAG.  (*See* Taylor Decl. ¶¶ 8–12.)  At a hearing on the Motion, Defendants filed a report from a Certified Access Specialist ("CASp") stating that the disabled space meets all ADAAG requirements.  (ADA Compliance Inspection Report, ECF No. 42.)

---

[1] Defendants originally appeared in this action *pro se*; however, they were represented by counsel at the hearing on this Motion, and are now represented by counsel in the action.  (ECF No. 41, 46.)

Love disputes Defendants' report and argues that the disabled space is still not compliant as a matter of law.   Based on the analysis below, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

## II.   FACTUAL BACKGROUND

Defendants own and operate Mary's Beauty Salon in Riverside, California. (Love Decl. ¶ 2, ECF No. 25, Ex. 2.)  Love is a paraplegic who uses a wheelchair for mobility.  (*Id*.)  Love attempted to visit the Salon in September 2013 and March 2015. (*Id*. ¶¶ 5, 10.)   He was unable to do so on either date because the Salon had no disabled parking spaces.  (*Id*. ¶¶ 6, 10.)  Love had a bad experience in the past where he was trapped in a parking space without an access aisle.  (*Id*. ¶ 7.)  Thus, he was deterred from visiting the Salon because of its lack of disabled spaces.  Love alleges that Defendants violated the Americans with Disabilities Act ("ADA") and California's Unruh Act.  (*See generally* Compl.)

Sometime after March 2015, the Salon designated one of its parking spaces as a disabled space.  (Sanchez's Objections and Responses to Interrogatories No. 7, ECF No. 25, Ex. 11.)  After Defendants created the disabled space, Love sent Janis Kent, an accessibility expert, to compile a Report evaluating the new disabled space.  (Kent Report, ECF No. 25, Ex. 9.)  After Kent found that the disabled space did not meet the ADA Accessibility Guidelines ("ADAAG"),[2] Love filed the present Motion for Summary Judgment.  (ECF No. 25.)

In response to Love's Motion, Defendants used the Kent Report to make further changes to the disabled space.  (Jose Sanchez Decl. ¶ 3, ECF No. 32.)  They moved the space to a new location, lengthened and widened the space, installed the required signage, and included adequate striping, all to meet the ADAAG requirements. (Defendants' List of Exhibits in Opp., ECF No. 27, Ex. A.)  However, they made these repairs without consulting an independent CASp because they could not afford

---

[2] The space did not comply with ADAAG requirements for width, length, proper signage, slopage, or striping.  (Kent Report 4, ECF No. 25, Ex. 9.)

1    to hire one at the time.  (Jose Sanchez Decl. ¶ 5.)  After making these changes, each
2    Defendant filed an Opposition to Love's motion, arguing that his ADA claim is now
3    moot.  (ECF Nos. 31, 38.)

4         In response to Defendants' Oppositions, Love hired Corey Taylor to evaluate
5    the new disabled space.  (Taylor Decl. ¶ 1, ECF No. 39, Ex. 1.)  Taylor—who has
6    completed evaluations for Love's attorneys many times but is not a certified CASp—
7    found that Defendants' disabled space still has excessive cross slopes: 2.8% at one
8    portion of the bottom of the stall and 2.3% at one portion of the head of the stall.  (*Id.*
9    ¶¶ 8–9.)  These measurements do not comply with the ADAAG, which mandates that
10   disabled spaces may not have slopes that exceed 2%.  (ADAAG § 4.6.3.)

11        However, Defendants filed a new ADA Compliance Inspection Report at the
12   hearing on this Motion.  (ECF No. 42.)  Ernest Castro, a certified CASp, examined the
13   disabled space and found it to be in full compliance with the ADAAG.  (*Id.* at 2.)
14   Moreover, he included pictures measuring the slope of the space in approximately the
15   same places as Taylor, and found that the slopes were well under the 2% ADAAG
16   maximum.  (*See id.* at 3–6.)  At the hearing, Love contested the new Report, claiming
17   that "all [the] defense has accomplished by providing this late evidence is to show that
18   at various locations in this parking space [and] in the adjacent aisle . . . neither the
19   space—the parking nor the aisle are as flat and slope-free as the law requires."  (Trial
20   Tr. 6.)

21                          **III.   LEGAL STANDARD**

22        A motion for summary judgment shall be granted when there is no genuine
23   issue as to any material fact and the moving party is entitled to judgment as a matter
24   of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48
25   (1986).  The moving party must show that "under the governing law, there can be but
26   one reasonable conclusion as to the verdict."  *Id.* at 250.  The burden is on the moving
27   party to demonstrate that it is entitled to summary judgment.  *Margolis v. Ryan*, 140
28   F.3d 850, 852 (9th Cir. 1998); *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*,

707 F.2d 1030, 1033 (9th Cir. 1983).  That is, the moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has the burden at trial, "that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial."  *Celotex*, 477 U.S. at 331.  The burden then shifts to the non-moving party "and requires that party . . . to produce evidentiary materials that demonstrate the existence of a 'genuine issue' for trial."  *Id.*; *Anderson*, 477 U.S. at 256; Fed. R. Civ. P. 56(c).  A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party.  *Barlow v. Ground*, 943 F. 2d 1132, 1135 (9th Cir. 1991); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).  Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.  *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  Moreover, though the court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment.  *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## IV.   ANALYSIS

Love argues that he is entitled to injunctive relief under the ADA and statutory damages of $4,000 under the Unruh Act for the Salon's ADA violations.  (*See generally* Mot.)  To succeed on an ADA Title III claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff

4

was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). The third element—the only one at issue here—is met "if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011)). The ADAAG establishes the applicable accessibility standards for disabled parking spaces. Plaintiffs may obtain only injunctive relief for violations of Title III, not monetary damages. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). After a defendant repairs a violation of accessibility standards, ADA claims may be deemed moot by the court. *See, e.g.*, *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir.2011) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.").

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). The Unruh Act allows for plaintiffs to recover at least $4,000 in statutory damages for each occasion where they were denied equal access to a facility. Cal. Civ. Code § 52(a). However, courts in this district have denied summary judgment and declined to exercise supplemental jurisdiction over Unruh Act claims after a plaintiff's ADA claims have been rendered moot. *See Love v. Ayoub*, No. EDCV 15-1778-VAP (KKx), 2016 WL 3671089 (E.D. Cal. May 30, 2016) (denying a motion for summary judgment and declining to exercise supplemental jurisdiction over plaintiff's Unruh Act after defendant's parking space was brought into compliance with the ADAAG).

But this case is different from *Ayoub* due to the continuing dispute regarding the disabled space's cross-slopes. Both parties request that the Court disregard the measurements presented by the other. A court in the Northern District of California

dealt with a similar problem in *Hernandez v. Polanco Enterprises, Inc*., where both the plaintiff and defendant commissioned reports measuring the slope of an entrance landing allegedly in violation of the ADAAG.  19 F. Supp. 3d 918, 935 (N.D. Cal. 2013).   The court determined that it could "not weigh credibility in summary judgment proceedings," and ruled that the conflicting measurement reports raised a material dispute about the slope that precluded the court from granting either party's motion for summary judgment.  *Id*. at 936.  That is the case here; the parties simply submit conflicting reports that create a genuine factual dispute as to whether the cross-slopes in the disabled space exceed 2%.  Therefore, the Court cannot grant Love's motion to for summary judgment, nor can it dismiss this action as moot.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Love's Motion for Summary Judgment.

**IT IS SO ORDERED.**

November 14, 2016

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**