UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**,<br><br>    Plaintiff,<br><br>    v.<br><br>**Jose M. Sanchez;**<br>**Maria B. Sanchez;** and Does 1-10,<br><br>    Defendants. | Case No.: 5:15-CV-01700-ODW-DTB<br><br>**[PLAINITFF'S PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** |

# TABLE OF CONTENTS

1.  PARTIES ........................................................................................................... 3
2.  JURISDICTION AND VENUE........................................................................ 3
3.  TRIAL LENGTH .............................................................................................. 3
4.  JURY OR BENCH TRIAL ............................................................................... 3
5.  ADMITTED FACTS ........................................................................................ 4
6.   STIPULATED FACTS SUBJECT TO EVIDENTIARY OBJECTIONS…………………5
7.  CLAIMS AND AFFIRMATIVE DEFENSES ................................................. 5
8.  ISSUES REMAINING TO BE TRIED ............................................................ 6
9.  STATUS OF DISCOVERY .............................................................................. 7
10.   DISCLOSURES ................................................................................................ 7
11. WITNESSES & DEPOSITION TESTIMONY ................................................ 7
12. LAW AND MOTION AND MOTIONS IN LIMINE ...................................... 7
13. BIFURCATION ................................................................................................ 7
14. CONCLUSION ................................................................................................. 7

Following pretrial proceedings, pursuant to Rule 16, Fed. R. Civ. P. and L.R. 16[1], IT IS ORDERED:

1.  **PARTIES**:
    - Plaintiff Samuel Love
    - Defendants Jose M. Sanchez and Maria B. Sanchez

Each of the parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed. The pleadings which raise the issues are:

Plaintiff's Complaint filed on August 24, 2015;

Defendants Jose M. Sanchez and Maria B. Sanchez's Answer filed on September 28, 2015.

2.  **JURISDICTION AND VENUE**:

Federal jurisdiction and venue are invoked pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

3.  **TRIAL LENGTH**

The trial is estimated to take 1-2 trial day(s).

///

---

[1] Please see Attachment A, Declaration of Chris Carson.

**4.   JURY OR BENCH TRIAL**

Neither party has demanded jury.

**5.   PLAINTIFF'S PROPOSED ADMITTED FACTS**

The following facts are admitted and require no proof:

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who uses a wheelchair for mobility.

2. Mr. Love has been issued a Disabled Person Placard by the California Department of Motor Vehicles

3. Mary's Beauty Salon ("Salon") is located at 3739 Rubidoux Blvd., Riverside, California.

4. The Salon is a business establishment and place of public accommodation.

5. Defendants Jose M. Sanchez and Maria B. Sanchez are the real property owners and business owners for Mary's Beauty Salon ("Salon") located at or about 3739 Rubidoux Blvd., Riverside, California.

6. Parking spaces are one of the facilities, privileges and advantages offered by defendants to the customers at the Salon.

7. On September 29, 2013, there was not a single parking space designated for use by persons with disabilities. There was no parking space with an adjacent access aisle, no signage indicating disabled parking, no "NO PARKING" lettering in any space, and no International Symbol of Access in any space.

8. Sometime subsequent to March 2015, a designated accessible parking space for persons with disabilities was installed at the Salon.

9. On July 12, 2016, Plaintiff's expert Janis Kent conducted a site inspection of the Salon.

10. On July 12, 2016, the parking stall and the access aisle measured only 13'-3½" in length, until it reaches the asphaltic concrete in the alley. The parking stall measured only 8'-11". The California Tow-away signage was missing. The California Minimum Fine sign does

not state "MINIMUM FINE $250." Instead it states 'up to $200 fine for violation'.

11. Providing an accessible parking that is compliant with ADAAG in the Salon is readily achievable for Defendants.

## 6. STIPULATED FACTS SUBJECT TO EVIDENTIARY OBJECTION

None.

## 7. CLAIMS AND DEFENSES:

**A. Plaintiff's Claims**

Claim 1: Violation of the Americans With Disabilities Act of 1990 ("ADA")

Elements: (1) The plaintiff is disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)]; (2) The defendants own, lease, or operate a place of public accommodation [42 U.S.C. § 12182(a)]; and (3) The defendants discriminated against the plaintiff within the meaning of the ADA. The plaintiff will prove discrimination if (a) Defendants' facility had unlawful architectural barriers [42 U.S.C. § 12182(b)(2)(A)(iv)]; and (b) the Plaintiff encountered the architectural barrier precluding him full and equal access to the facility [42 U.S.C. § 12188(a)].

Key Evidence: (1) The testimony of Plaintiff Samuel Love; (2) The testimony of Janis Kent; (3) The testimony of Corey Taylor; (4) The testimony of Jennie Yang; (5) Plaintiff's photographs of exterior of Defendants' business, taken August 15, 201; (6) Plaintiff's photographs of exterior of Defendants' business, taken October 23, 2016; (7) Copy of Google Map screen shot of the parking at the Salon located at or about 3739 Rubidoux Blvd., Riverside, California; (8) Copy of Plaintiff's Expert Witness's Report with attached photographs, dated July 17, 2016; (9) Copy of Plaintiff's Disability Placard Identification Card/Receipt, issued on March 23, 2013; (10) Copy of Disability Note from Plaintiff's doctor, dated November 1, 2007; (11) Copy of Plaintiff's Driver License; (12) Copy of Plaintiff's Disability Placard; (13) Copy of Photographs taken by Plaintiff's Expert witness, dated January 21, 2016; (14) Copy of Mary's Beauty Salon's JP Morgan

Chase Bank N.A. bank account statements from January 1, 2013 to December 31, 2015; (15) Copy of Defendants' black and white photographs of parking space for persons with disabilities; (16) Copy of email conversation between Brett Hamilton and Maria Sanchez regarding the parking for persons with disabilities; (17) Defendants' responses to propounded discovery.

///

Claim 2: Violation of the Unruh Civil Rights Act (Cal Civ § 51-53)

Any violation of the Americans with Disabilities Act is a violation of the Unruh Civil Rights Act and California Disabled Persons Act. (Civ. C. §§ 51(f); 54(c).). Thus, the elements and evidence for Claim 2 are identical to that of Claim 1.

Defenses: Not available. Please see Attachment A.

**8.     ISSUES REMAINING TO BE TRIED:**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

Whether Defendants discriminated against Plaintiff within the meaning of the Americans With Disabilities Act of 1990.

**9.     DISCOVERY**

All discovery is completed.

**10.    DISCLOSURES:**

All disclosures under Fed. R. Civ. P. 26(a)(3) will be made. The joint exhibit list will be filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those listed below: Any not previously disclosed.

## 11. WITNESSES & DEPOSITIONS

Witness lists of the parties will be filed with the Court (other than solely for impeachment). Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1: None.

## 12. LAW AND MOTION AND MOTIONS IN LIMINE

The following law and motion matters and motions in limine, and no others, are pending or contemplated: None.

## 13. BIFURCATION

None.

**14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this pretrial conference order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.**

Dated _____, 2016      By: _____
                                  Hon. Judge Otis D. Wright, II
                                  United States District Judge

Approved as to form and content:

Dated: December 5, 2016           CENTER FOR DISABILITY ACCESS

                                  By:     /s/ Chris Carson
                                      CHRIS CARSON
                                      Attorneys for Plaintiff