CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**, <br> Plaintiff, <br> v. <br> **Jose M. Sanchez;** <br> **Maria B. Sanchez;** <br> Defendants. | **Case:** 5:15-CV-01700-ODW-DTB <br><br> **Declaration of Chris Carson** |

1. I, the undersigned, am one of the attorneys for Plaintiff, Samuel Love, and in that capacity have familiarity with this case. I can competently testify to the following based on my own knowledge and experience.

2. I first sent a draft of the Pretrial Conference Order to defense counsel on November 8, 2016 via email. At that time, I asked that additions and changes be provided no later than November 18, 2016

3. After a stipulation to continue dates was granted, I re-sent Plaintiff's draft of the Pretrial Conference Order ("PTCO") to defense counsel on

1  November 23, 2016.

2  **4.** Christina Mata, Paralegal to defense counsel Kevin M. Mahan, returned defendant's draft of the PTXO to me via e-mail on November 28, 2016.

4  **5.** I reviewed defendant's draft of the PTCO, and noticed significant and troubling claims were included the section 7 of the document. Defendant's additions included referring to Plaintiff as "a scourge to small businesses" and a threat to seek sanctions pursuant to Federal Rules of Civil Procedure Rule 11.

9  **6.** On November 29, 2016 at 10:40 am, I returned the PTCO to defendant via e-mail and said, in pertinent part: "More importantly, I notice that you went into quite a bit of detail on arguments, but didn't include elements of the counterclaims or a list of key evidence. I don't think much of this is appropriate for a PTCO. It seems like much of what you included is more appropriate in a memo of law and fact or a trial brief. The PTCO is intended to be much more of a housekeeping document. I can't sign it as it is now. This section is governed by LR 16-7.2, which in turn points to appendix A."

18  **7.** On December 5, 2016, at 9:57 am, the day the document was due for signing and 4 business days after I had raised my concerns, defendant once again provided a draft that was replete with inappropriate information, argument, and incendiary accusations.

22  **8.** I immediately responded once again via email, and said, in pertinent part: "As I indicated in my previous communication, in section 7, Claims and Defenses, the Local Rules require the parties to list the proposed elements of each claim or defense. This is not a section to argue the elements have been met, but rather to simply suggest what the elements are. If the opposing party disagrees with the proposed elements, he or she may offer alternative elements for the claim or defense. There should be no

application of fact to law. Here, this information and argument you have included in this section is inappropriate. For example, in Defense 3, you have written, "There are genuine issues of material facts as to whether the Plaintiff suffered damages due to the fact that based on the Plaintiff's history as a professional serial filer of claims, and has been identified as a scourge to small businesses by the muck raking press." Of course there is a genuine issue of material fact. That's why we are preparing a trial document, not a summary judgment document. This is simply not the purpose of this document. I would urge you to once again review the Local Rules. Defendant has not provided elements, so I cannot provide alternative elements, so I cannot sign this document in its current form."

9. Two hours later, Ms. Mata again sent a draft the PTCO via e-mail. While a header labelled "Elements" had been added, many of the elements had no supporting authority. More crucially, the vast majority of the defense's additions, including the same inflammatory language, remained unchanged.

10. I will not sign a document that refers to my client as a scourge. I will not sign a document that threatens sanctions against my client. Defense counsel has not approached this document in good faith, and I do not believe a joint document is possible at this time.

11. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: December 5, 2016     CENTER FOR DISABILITY ACCESS

           By: /s/ Chris Carson
           Chris Carson
           Attorneys for Plaintiff