CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr., SBN 111282
Phyl Grace, Esq., SBN 171771
Chris Carson, Esq. SBN 280048
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@PotterHandy.com

Attorneys for Plaintiff Samuel Love

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**, <br> Plaintiff, <br> v. <br> **Jose M. Sanchez;** **Maria B. Sanchez**; and Does 1-10, <br> Defendants. | Case No.: 5:15-CV-01700-ODW-DTB <br><br> **PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** <br><br> Trial Date: January 3, 2017 <br> Time: 9:00 a.m. <br><br> Complaint Filed: August 24, 2014 <br><br> Honorable Judge Otis D. Wright, II |

Pursuant to this Court's December 16, 2015 Scheduling and Case Management Order and Central District Local Rule 52-1, the plaintiff submits his Proposed Findings of Fact and Conclusions of Law:

Following bench trial, the Court makes the following **FINDINGS OF FACT:**

1. Plaintiff Samuel Love cannot walk and uses a wheelchair for mobility.
2. Mary's Beauty Salon ("Salon") is located at 3739 Rubidoux Blvd., Riverside, California.
3. Defendants Jose M. Sanchez and Maria B. Sanchez owned Mary's Beauty Salon and the real property where the Salon is located, in September 2013.
4. Defendants Jose M. Sanchez and Maria B. Sanchez currently own Mary's Beauty Salon and the real property where the Salon is located.
5. Mr. Lopez went to the Store in September 2013 to inquire about the services offered at the Salon.
6. Mary's Beauty Salon is open to the public.
7. Mary's Beauty Salon is a business establishment.
8. Parking spaces are one of the facilities, privileges and advantages offered by the defendant to the customers of the Store.
9. On September 29, 2013, there was not a single parking space designated for use by persons with disabilities. There was no parking space with an adjacent access aisle, no signage indicating disabled parking, no "NO PARKING" lettering in any space, and no International Symbol of Access in any space.
10. Mr. Love needs a parking space with an access aisle to ensure that he has enough room to get in and out of his vehicle and assemble his wheelchair. Mr. Love also needs a space with the proper signage and markings so that it is clear to non-disabled patrons that it is only for handicap persons to use.

11. Due to the lack of a disabled parking space with an access aisle, Mr. Love was deterred from visiting the Salon. This inaccessible condition caused Mr. Love difficulty, discomfort, and frustration.

12. On March 14, 2015, Mr. Love returned to the Salon but found that the same barriers existed.

13. Mr. Love lives within 30 minutes from the Salon and would like the ability to safely and independently park and patronize the Salon.

14. Sometime subsequent to March 2015, a designated accessible parking space for persons with disabilities was installed at the Salon.

15. On July 12, 2016, Plaintiff's expert Janis Kent conducted a site inspection of the Salon and found that the parking stall and the access aisle measured only 13'-3½" in length, until it reaches the asphaltic concrete in the alley. The parking stall measured only 8'-11". The California Tow-away signage was missing. The California Minimum Fine sign does not state "MINIMUM FINE $250." Instead it states 'up to $200 fine for violation'. Further, a portion at the head of the stall had cross slopes measuring 2.3%, 2.5%, 2.6% and a portion at the head of the access aisle had cross slopes measuring 2.2%.

16. Providing an accessible parking that is compliant with ADAAG in the Salon is readily achievable for Defendants.

Following bench trial, the Court makes the following **CONCLUSIONS OF LAW**:

1. Plaintiff Samuel Love is a person with disabilities, as contemplated by the Americans with Disabilities Act, and has standing to sue under the laws pled in this case. 42 U.S.C. § 12102(1)(A).

2. Defendants own, lease, and/or operate a facility that is a place of public accommodation and, therefore, governed by Title III of the Americans with Disabilities Act. 42 U.S.C. § 12182(a).

3. Parking spaces are one of the facilities, privileges, and/or advantages Defendants offer customers of Mary's Beauty Salon.

4. Defendants' did not fulfill the requirement to provide an accessible parking at the Salon. Therefore, Defendants' facility had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv); see Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (Architectural barriers are defined by the Americans with Disabilities Act Accessibility Guidelines).

5. Removal of the unlawful architectural barriers is presumed to be readily achievable. 28 Code of Federal Regulations 36.304(b)(18).

6. Mr. Love encountered the unlawful architectural barriers, which precluded his full and equal access to the facility. 42 U.S.C. § 12188(a); Boemio v. Love's Restaurant, 954 F.Supp. 204, 208 (S.D. CA 1997) ("The standard cannot be is access achievable in some manner. We must focus on the equality of access."); Chapman v. Pier 1 Imports (U.S.) Inc., *supra*, 631 F.3d at 945 ("The ADAAG provides the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations.").

7. Therefore, Defendants violated the Americans with Disabilities Act by discriminating against Mr. Love "on the basis of a disability in the full and equal enjoyment" of the "facilities, privileges, [and/or] advantages" of their "place of public accommodation." 42 U.S.C. § 12182(a).

4

8. Defendants violated California's Unruh Act by violating the Americans with Disabilities Act. Civ. Code § 51(f).

9. Mr. Love is entitled to recover up to three times his actual damages, but in no case less than $4,000. Cal. Civ. Code §§ 52(a), 55.56(a)-(c).

10. Mr. Love is entitled to recover reasonable attorney fees, litigation expenses, and costs of suit. 42 U.S.C. § 12205; Cal. Civ. Code §§ 52, 54.3; Cal. Civ. Proc. § 1021.5.

December 21, 2016                         CENTER FOR DISABILITY ACCESS

                                          By:   /s/ Chris Carson
                                          CHRIS CARSON
                                          Attorneys for Plaintiff