Kevin M. Mahan, Esq. (SBN #82401)
Mahan & Mahan, Attorneys at Law
P.O. Box 6040
San Clemente, California 92674-6040
Telephone: 949-369-7784
Facsimile: 949-369-7786
Email: kmmahan@cox.net

Attorney for Defendants, Jose M. Sanchez &
Maria B. Sanchez

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOSE M. SANCHEZ; MARIA B. SANCHEZ<br><br>and Does 1 – 10, inclusive.<br><br>　　　　Defendants. | Case No. 5:15-cv-01700-ODW (DTBx)<br><br>**DEFENDANTS TRIAL BRIEF**<br><br>Trial Date: January 3, 2017<br>Time: 9:00 a.m.<br><br>Complaint Filed: August 24, 2015<br><br>**Honorable Judge Otis D. Wright, II.** |

Defendants Jose M. Sanchez and Maria B. Sanchez. ("Defendants") hereby submit their

Trial Brief:

///

///

///

///

///

///

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.; CASE NO. 5:15-cv-01700-ODW (DTBx)

- 1

## I.    FACTUAL AND PROCEDURAL HISTORY

Defendants, Jose M. Sanchez and Maria B. Sanchez ("Defendants") were the real property owners and business owners for Mary's Beauty Salon ("Salon") located at or about 3739 Rubidoux Blvd., Riverside, California on September 29, 2013 and March 14, 2015.

Plaintiff commenced the instant action on August 24, 2015, seeking relief under Title III of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, et seq., as well as a pendent state law claim for money damages under the Unruh Act. (Cal. Civ. Code §§51, 52, 53, 55, and 56 *et seq.*).  The original complaint requests "injunctive relief", "Damages under the Unruh Civil Rights Act (Civ. Code §51 (f), 52 (a)" , "statutory damages, i.e. a civil penalty. (Civ. Code §55.56(a)-(c)."; and  "attorney fees, litigation expenses and costs of suit pursuant to 42 U.S.C. §12205; Cal. Civ. Code §52.", ("Complaint").

After Defendants were served a copy of Plaintiff's Summons and Complaint, they met and conferred with the Riverside Department of Building, Safety and Code Enforcement to seek information as to the alleged violations contained in Plaintiff's Complaint. Thereafter, Defendants made modifications to the handicapped and van accessible parking space at the Salon based upon the information received from Riverside Building, Safety and Code Enforcement.

On September 28, 2015, Defendants filed an Answer to Plaintiff's Complaint, (Docket #11).

On July 12, 2016, Janis Kent (Plaintiff's Expert) inspected the handicapped and van accessible parking at the Salon and based upon her finding and report, Defendants made further changes to the handicapped and van accessible parking at the Salon, in what they believed to be in its totality.

On September 16, 2016, Plaintiff filed a Motion For Summary Judgment. (Docket #25), seeking "(1) an Order from the Court requiring the Defendants to provide accessible parking at the Mary's Beauty Salon; and (2) judgment in favor of Plaintiff as to his Unruh Civil Rights Act claim for his encounter with the parking against all Defendants for $4,000.00." On November 14, 2016, this Court denied Plaintiff's motion, (Docket #41).

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.;  CASE NO. 5:15-cv-01700-ODW (DTBx)

- 2 -

Upon receipt of Plaintiff's Motion For Summary Judgment which contained in part, a Declaration of Corey Taylor who **IS NOT and Expert nor does he possess and current licenses issued by the State of California as an "investigator"** , Defendants scraped together finances to obtain the services of Ernest Castro, CASp # 618 - Cert. exp. 5-24-18, who conducted a ADA Compliance Site Inspection on November 5, 2016. The Scope of the Inspection was to be: (1) Accessible Parking Stall and Associated Access Aisle at 3739 Rubidoux Blvd. Riverside, CA 92509. Ernest Castro, CASp # 618 - Cert. exp. 5-24-18 found in pertinent part as follows:

"(1) Accessible Parking Stall and Associated Access Aisle were found to be in full compliance."

"All measured slopes of the parking stall and access aisle were found to be in compliance and less than 1:48 (2.083%)."

"All widths and lengths of the stall and access aisle were in compliance (9 ft. wide stall, 8 ft. wide access aisle and lengths of 18 ft."

A copy of the ADA Compliance Report conducted by and made by Ernest Castro, CASp # 618 - Cert. exp. 5-24-18, dated November 5, 2016, was filed with the Court as Docket #42. Defendants are in full-compliance with Title III of the American with Disabilities Act of 1990 and Plaintiff's ADA claims are moot.

## II. ARGUMENT

### A. FIRST CLAIM FOR RELIEF (ADA, 42 U.S.C. §12101, *et seq.*)

#### 1. APPLICABLE LEGAL STANDARD

##### (a) Prima Facie Case

The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

"To establish a prima facie case of violation of Title III of the ADA, a plaintiff must show that (1) he or she has a disability, (2) the business is a 'public accommodation,' and (3) that the plaintiff was denied full and equal treatment because of his or her disability." ***Mannick v. Kaiser***

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.; CASE NO. 5:15-cv-01700-ODW (DTBx)

- 3

*Foundation Health Plan, Inc.*, No. C 03-5905 PJH, 2006 WL 1626909, at *7 (N.D. Cal. June 9, 2006) (Hamilton, J.).

     "To prevail in a claim of discrimination based on an architectural barrier, a plaintiff must show in addition that (1) the existing facility presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is 'readily achievable.'" Id. at *7. "In order to prove discrimination stemming from an architectural barrier, plaintiff must demonstrate that . . . the plaintiff had actual knowledge of the architectural barrier precluding his full and equal access to the facility." *Wilson v. Haria and Gogri Corp*., 479 F. Supp. 2d 1127, 1133 (E.D. Cal. 2007) (Karlton, J.) (emphasis added).

            **b.**    **"Readily Achievable" Barrier Removal**

     "In enacting the ADA, Congress adopted two systems for regulating building accessibility-one to apply to facilities designed and constructed for occupancy before January 26, 1993, and one to apply to newly constructed or altered facilities. See 42 U.S.C. § 12183(a)(1) and § 12182(b)(2)(A)(iv)." Mannick, 2006 WL 1626909, at *5. "Only newly-constructed or altered facilities must comply with the ADA Accessibility Guidelines ("ADAAG"), which were incorporated into the DOJ regulations as Appendix A of 28 C.F.R. Part 36. See 28 C.F.R. § 35.151(c)." Id. "The demand upon preexisting facilities that are not deemed altered is much less stringent."7 Id. (emphasis added). "Existing facilities must remove architectural barriers to access only where such removal is 'readily achievable.'" Id. (emphasis added).

     Discrimination under Title III of the ADA includes "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." See 42 U.S.C. § 12182(b)(2)(A)(iv). "The term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. §12181(9). "In determining whether an action is readily achievable, factors to be considered include—

     (A) the nature and cost of the action needed under this chapter;

     (B) the overall financial resources of the facility or facilities involved in the action; the

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.;   CASE NO. 5:15-cv-01700-ODW (DTBx)

- 4 -

number of persons employed at such facility; the effect on expenses and resources; or the impact otherwise of such action upon the operation of the facility;

(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity."

The ADA plaintiff has the initial burden of suggesting a method of barrier removal and proffering evidence that their suggested method is "readily achievable". ***Colorado Cross-Disability Coalition v. Hermanson Family***, Ltd., 264 F.3d 999, 1002-03 (10th Cir. 2001). The ADA plaintiff "must initially present evidence tending to show that the suggested method of barrier removal is readily achievable under the particular circumstances. If Plaintiff does so, Defendant then bears the ultimate burden of persuasion that barrier removal is not readily achievable under subsection (iv)." Id. at 1002-03 (emphasis added). "Plaintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable, i.e., can be accomplished easily and without much difficulty or expense." Id. at 1005-06.

The evidence proffered must include expert testimony as to the ease and inexpensiveness of their proposed method of barrier removal. Id. at 1005 (citing ***Pascuiti v. New York Yankees***, No. 98 CIV. 8186, 1999 WL 1102748, at *4 (S.D.N.Y. Dec. 6, 1999)) ("The plaintiffs in this case must consider the four factors identified in § 12181(9) and proffer evidence, including expert testimony, as to the ease and inexpensiveness of their proposed method of barrier removal.")(emphasis added).

## 2. DEFENSES TO FIRST CLAIM FOR RELIEF

### (a) Plaintiff's Lack Standing to Sue for Injunctive Relief.

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.;  CASE NO. 5:15-cv-01700-ODW (DTBx)

- 5

The constitutional minimum standard for standing contains three elements. "First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be 'fairly trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal citations omitted).

"In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated injury' in the future." ***Chapman v. Pier 1 Imports*** (U.S.), Inc., 631 F.3d 939, 946, 948 (9th Cir. 2011) (en banc) (Wardlaw, J.) (quoting O'Shea v. Littleton, 414 U.S. 488, 496, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974)); Chapman, 631 F.3d at 948 ("Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'") (quoting ***City of Los Angeles v. Lyons***, 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)); Chapman, 631 F.3d at 949 ("Article III, however, requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties.") (emphasis added); Lyons, 461 U.S. at 111 ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again").

"[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." Chapman, 631 F.3d at 950 (emphasis added); id. at 949 ("Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.;   CASE NO. 5:15-cv-01700-ODW (DTBx)

- 6

establish Article III standing to pursue injunctive relief.") (emphasis added). "Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." Id. at 950; id. at 949 ("A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.") (emphasis added); id. at 944 ("we hold that an ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility") (emphasis added); id. at 953 ("An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury.") (emphasis added); id. ("He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability.") (emphasis added).

To determine whether a future injury based on an encounter with a noncompliant barrier is concrete and particularized, a four-factor test that focuses on the likelihood of the plaintiff's return to the defendant's place of public accommodation applies. The four factors include: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel. **Molski v. Arby's Huntington Beach**, 359 F. Supp. 2d 938, 947 n.10 (C.D. Cal. 2005); **Molski v. Kahn Winery**, 405 F. Supp. 2d 1160, 1164 (C.D. Cal. 2005) (noting that the "lack of a history of past patronage seems to negate the possibility of future injury at [that] particular location") (internal quotations and citations omitted). "Some day" intentions without any description of concrete plans or any indication beyond mere speculation on when the "some day" will occur, does not support a finding for "actual or imminent" injury. Lujan, 504 U.S. at 564.

"The party invoking federal jurisdiction bears the burden of establishing these [three] elements. "Lujan, 504 U.S. at 561. Because each standing element is an "indispensable part of the plaintiff's case," id., a plaintiff must establish standing "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence

DEFENDANTS' TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.; CASE NO. 5:15-cv-01700-ODW (DTBx)

- 7

required at the successive stages of the litigation." Id.; Chapman, 631 F.3d at 946 ("to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation.") (emphasis added). "[A]t the final stage, those [specific] facts (if controverted) must be 'supported adequately by the evidence adduced at trial.'" Lujan, 504 U.S. at 561 (quoting **Gladstone, Realtors v. Village of Bellwood**, 441 U.S. 91, 115 n.31, 99 S. Ct. 1601, 60 L. Ed. 2d 66 (1979)); **Gest v. Bradbury**, 443 F.3d 1177, 1181 (9th Cir. 2006) ("at the trial stage, the factual predicate for standing upon which the plaintiffs rely, if controverted, 'must be supported adequately by the evidence adduced at trial'") (citing and quoting Lujan).

An ADA plaintiff who visits a public accommodation merely as a tester lacks standing to sue. See **Harty v. Simon Property Group, L.P**., No. 10 CV 03408 (GBD), 2010 WL 5065982, at *3 (S.D.N.Y. Dec. 7, 2010) ("Plaintiff's status as a tester does not confer standing."); **Harris v. Stonecrest Care Auto Center, LLC**, 472 F. Supp. 2d 1208, 1218 (S.D. Cal. 2007) (Burns, J.) ("[I]f a plaintiff's sole purpose in visiting an establishment were to check for ADA violations, he would be simply a 'tester' rather than a bona fide patron, and would therefore lack standing.") (emphasis added).

### (b) All of the Alleged Accessibility Barriers Asserted by Plaintiffs Are Subject to the Mootness Doctrine.

"A claim is moot if it has lost its character as a present, live controversy." United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 698 (9th Cir. 1984) (citation omitted). A federal district court cannot take jurisdiction over a claim "to which no effective relief can be granted." Id.

"If an ADA plaintiff [] [has] already . . . received everything to which [he] would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that [this] plaintiff[] will again be subjected to the same wrongful conduct by this defendant." **Parr v. L & L Drive-Inn Restaurant**, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (internal quotations and citation omitted). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.; CASE NO. 5:15-cv-01700-ODW (DTBx)

- 8

reasonably be expected to recur." ***Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*** (TOC), Inc., 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) (emphasis added). "Mootness deprives the Court of its ability to take remedial action because 'there is nothing for [the court] to remedy, even if [it] were inclined to do so.'" ***Sharp v. Rosa Mexicano, D.C., LLC***, No. 06-1693 (JDB), 2007 WL 2137301, at *3 (D.D.C. July 26, 2007) (Bates, J.).

The alleged barrier has been removed by Defendants and should be eliminated from the scope of the trial based on the mootness doctrine. The Honorable Otis D. Wright. II, United States District Court Judge in his Order Denying Plaintiff's Motion For Summary Judgment [25], (Docket #48) stated in relevant part as follows:

" . . . The third element—the only one at issue here—is met "if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011)). The ADAAG establishes the applicable accessibility standards for disabled parking spaces. Plaintiffs may obtain only injunctive relief for violations of Title III, not monetary damages. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). After a defendant repairs a violation of accessibility standards, ADA claims may be deemed moot by the court. See, e.g., *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir.2011) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.").. . ."

Numerous federal courts have applied the mootness doctrine as the basis for dismissing ADA claims premised upon alleged architectural barriers, affecting the mobility-impaired patrons of a restaurant or other public accommodation, that were removed during the course of litigation. See, e.g., ***Kallen v. J.R. Eight, Inc.***, No. 10-23704-CIV-KING, 2011 WL 1237864, at *4 (S.D. Fla. Mar. 31,2011); ***Chambers v. Zesto Enterprises, Inc.***, No. 1:09-cv-0292-WSD, 2009 WL 3200682, at *3 (N.D. Ga. Sept. 29, 2009); ***Doran v. 7-Eleven Inc., et al***., No. SACV 04-1125, slip op. at 5 (C.D. Cal. Dec. 22, 2008) (Selna, J.) (noting that the ADA plaintiff had conceded that the defendant public accommodation had removed all of the alleged barriers identified by the plaintiff during the course of the action with one exception, which was not an

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.;  CASE NO. 5:15-cv-01700-ODW (DTBx)

- 9

ADA barrier); ***Bleakly v. Sierra Cinemas, Inc.***, No. CIV. S-07-052 WBS DAD, 2008 WL 109337, at *1 (E.D. Cal. Jan. 8, 2008) (Shubb, J.); ***Sharp v. Rosa Mexicano, D.C., LLC***, No. 06-1693 (JDB), 2007 WL 2137301, at *4 (D.D.C. July 26, 2007) (Bates, J.) (holding that the allegedly unlawful conduct in connection with a sink in a restroom stall cannot reasonably be expected to recur) ("The alleged discrimination cannot reasonably be expected to recur because 'structural modifications . . . are unlikely to be altered in the future.'") (quoting ***Indep. Living Resources v. Oregon Arena***, 982 F. Supp. 698, 774 (D. Or. 1997)); ***Molski v. Foster Freeze Paso Robles***, No. CV 04-03780 DDP (JWJx), slip op. at 10:15-12:12 (C.D. Cal. May 10, 2007) (Pregerson, J.); ***Grove v. De La Cruz***, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005) (holding that installation of grab rails by restaurant rendered moot plaintiff's ADA complaint requesting installation of such rails, finding no basis to conclude the challenged conduct would be repeated).

## B. AS TO THE SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (Cal Civ. §§51-53, 55, 56(a)-(c) et seq.)

### 1. APPLICABLE LEGAL STANDARD

A plaintiff who seeks to recover monetary damages regarding each specific incident of alleged discrimination must establish a denial of "equal access on a particular occasion" that is consistent with ***Donald v. Cafe Royale, Inc***., 218 Cal. App. 3d 168, 183 (Cal. Ct. App. 1990).

The local building official has discretion to enforce California's building standards. (Cal. Health & Safety Code § 19958) ("The building department of every city, county, or city and county shall enforce this part within the territorial area of its city, county, or city and county."); (Cal. Code of Regs., Title 24, § 1134B.3.1.2); (Cal. Gov't Code § 4451(f).)

### 2. DEFENSES AS TO SECOND CAUSE OF ACTION FOR RELIEF

#### (a) ADA Standards Provide Equivalent Facilitation as to California Building Standards Code.

ADA standards provide equivalent facilitation as to the California Building Standards Code ("CBC"). ***Moeller v. Taco Bell Corp***., No. C 02-5849 MJJ, 2005 WL 1910925, at *3 (N.D. Cal. Aug. 10, 2005) (Jenkins, J.) ("[T]he Court finds that there are only two requirements for an

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.; CASE NO. 5:15-cv-01700-ODW (DTBx)

- 10

equivalent facilitation: 1) it is an alternative design or technology; and 2) it provides equal or greater access to subject facilities.") (emphasis added).

### (b)    NO RECOVERY IS POSSIBLE BECAUSE THERE IS NO PROOF THE VIOLATION WAS INTENTIONAL.

The second cause of action in the Complaint alleges violation of Code of Civil Procedure §52 *et seq.*. To prevail, Plaintiff is required to prove an intentional violation and there is no evidence that the allegedly faded parking paint, signage or allegedly improper striping in the parking lot, or any other alleged violation, was intentional. A disabled plaintiff in wheelchair who proved restaurant owner's concededly unintentional violations of Americans With Disabilities Act and hence Unruh Act [Civ. Code§ 51(f)] could not recover damages, where he could have sued based on unintentional ADA violations but recovered smaller statutory minimum penalty under Civ. Code§ 54.3, but he elected to try to obtain larger statutory minimum penalty under Civ. Code § 52 and failed to present evidence defendant intentionally discriminated against him as required by Civ. Code§ 52. Gunther v. Lin (2006) 144 Cal. App. 4th 223, 226-256 states in relevant portion:

"And it was precisely because it was so easy for business people-particularly small businesspeople-to inadvertently violate the ADA that Congress limited the circumstances under which they might be sued for such a technical violation. Under the ADA, a private individual suing a businessperson has no right to damages absent intentional discrimination. Under such circumstances, the most a private person can obtain are the attorney fees incurred in an action to force the businessperson into compliance. (*Boemio v. Love's Restaurant*  (S.D.Cal.l997) 954 F.Supp. 204, 207 ["Monetary damages are not recoverable by private Plaintiffs under the ADA."]; Independent Living I, supra, 982 F. Supp. at p. 771 ["A private litigant may obtain injunctive relief and recover attorney fees under this subchapter, but is not entitled to recover compensatory or punitive damages on such claim."]; see also ***American Bus Ass'n v. Slater*** (D.C.Cir.2000) 231 F.3d 1, 5 ["By specifying the circumstances under which monetary relief will be available, Congress evinced its intent that damages would be available in no others."]; McCabe, California Disability Anti-Discrimination Law: Lighthouse in the Storm or Hunt for

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.;  CASE NO. 5:15-cv-01700-ODW (DTBx)

- 11

Buried Treasure? (2005) 36 McGeorge L.Rev. 661, 662 ["suits arising under federal law permit private plaintiffs to obtain only injunctive relief," citing 42 USC §§ 2000a-3(a) & 12188(a)(l)].) "By contrast with the federal ADA, California's Civil Code section 52 allows private parties to seek damages, and in fact even provides for an automatic minimum penalty-now up to $4,000-when the statute is triggered "*Gunther v. Lin* (2006) 144 Cal. App. 4th 223, 226-256

In further support of the requirement for intentional wrongdoing is *Molski v. Arciero Wine Group*, (2008) 164 Cal. App. 4th 786, 791 which states in relevant part hereto:

"A disabled person who encounters an architectural barrier to full and equal access has several alternatives under California law. He or she may file an action for monetary relief under the Unruh Civil Rights Act (§ 51), to recover actual damages and automatic minimum penalties in the amount of $4,000 per occurrence.(§ 52, subd. (a).) Under the Unruh Civil Rights Act, the plaintiff can recover attorney fees if he or she prevails,  but the defendant can not. (§ 52, subd. (a); see *Gunther v. Lin* (2006) 144 Cal.App.4th 223, 242 [50 Cal.Rptr.3d 317].) However, the plaintiff must plead and prove intentional discrimination. (*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1149 [278 Cal.Rptr. 614, 805 P.2d 873].)

"Alternatively, the plaintiff may file an action for monetary relief under the DPA (§ 54), in which case he or she need not prove any intentional conduct *(Donald v. Cafe Royale, Inc*., supra, 218 Cal. App. 3d at p. 176), but the automatic minimum penalties will be only $1,000 per occurrence. (§ 54.3, subd. (a); *Gunther v. Lin*, supra, 144 Cal. App.4th at p. 232.) As with the Unruh Civil Rights Act, the plaintiff will be entitled to attorney fees if he or she prevails, but the defendant will not." *Molski v. Arciero Wine Group*, (2008) 164 Cal. App. 4th 786, 791, 792.

There is no proof that there was intentional wrongdoing either pled or proven. No recovery under Civil Code section 52 is available.

The Honorable Otis D. Wright. II, United States District Court Judge in his Order Denying Plaintiff's Motion For Summary Judgment [25], (Docket #48) stated in part as follows:

" . . . The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). The Unruh Act allows for plaintiffs to recover at least $4,000 in statutory

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.;  CASE NO. 5:15-cv-01700-ODW (DTBx)

- 12

damages for each occasion where they were denied equal access to a facility. Cal. Civ. Code § 52(a). However, courts in this district have denied summary judgment and declined to exercise supplemental jurisdiction over Unruh Act claims after a plaintiff's ADA claims have been rendered moot. See **_Love v. Ayoub_**, No. EDCV 15-1778-VAP (KKx), 2016 WL 3671089 (E.D. Cal. May 30, 2016) (denying a motion for summary judgment and declining to exercise supplemental jurisdiction over plaintiff's Unruh Act after defendant's parking space was brought into compliance with the ADAAG). . . ."

In **_Mundy v. Pro-Thro Enterprises_**, (2011) 192 Cal. App. 4th Supp. 1., Plaintiff was not entitled to statutory damages for violation of ADA and California Disabled Persons Act despite allegations that he was confined to wheelchair, he patronized car wash owned by defendant, and when he visited restroom, he could not use mirror because it was mounted too high, where plaintiff failed to offer any evidence under Civ. Code § 55.56(c) that violation caused him difficulty, discomfort, or embarrassment. **_Mundy v.Pro-Thro Enterprises_** (2011) 192 Cal. App. 4th Supp. 1, 4-6.

## C. AS TO ALL CAUSES OF ACTION - AS TO PLAINTIFF'S ALLEGED INTENT AND  ALLEGED DAMAGES WHEN HE WENT TO THE SALON

There is insufficient evidence as to whether the plaintiff herein was caused any actual difficulty, discomfort or embarrassment, in spite of his factually unsupported statement that he did. Given that he has visited 133 other businesses that he also sued for the same alleged violations, it is hard to believe that he encountered much difficulty, discomfort or embarrassment. Since he was looking for parking lot violations and not a haircut on September 29, 2013 and March 14, 2015 it is more likely that he encountered feelings of ease of getting money from another victim, joy in fulfilling his monthly quota of lawsuits and pride in how he caught another in his crusade for self-enrichment at the expense of another small business owner who can be prey for his bosses.

In Mundy v. Pro-Thro Enterprises (2011) 192 Cal. App. 4th Supp. 1 the court stated: "In deciding whether appellant met his burden of proof, the trial court was allowed to consider whether he offered any evidence showing that the violation caused him difficulty, discomfort, or

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.;  CASE NO. 5:15-cv-01700-ODW (DTBx)

- 13

embarrassment. Since appellant offered no such evidence, he was not entitled as a matter of law to have the court find that he had been denied full and equal access due to the placement of the restroom mirror. The court therefore did not err in entering judgment for respondent. "*Mundy v. Pro-Thro Enterprises* (2011) 192 CaL App. 4th Supp. 1, 6.

Here too, other than Plaintiff unsupported conclusionary statement regarding difficulty, discomfort and embarrassment, there is simply no evidence whatsoever to support that Plaintiff's statement, is true and there is ample evidence, given Plaintiff's history as a serial filer as to whether he in fact suffered difficulty, discomfort and embarrassment as required for recovery under even the very liberal standards of Civil Code section 54.

There are serious credibility issues and concerns regarding the Plaintiff's character and veracity based upon the Plaintiff's status as a serial filer of "drive-by" boiler plate lawsuits. Additionally, since credibility relates to a witness's truthfulness and believability. This is particularly important in a he said – she said type claim, where there are few third party witnesses, if any. The veracity and character of Plaintiff is relevant and has probative value in this case and the allegations alleged by him in the Complaint filed in this case on August 24, 2015 (Docket #1), and the fact that Plaintiff is a convicted felon (12/18/2013) under the California Penal Codes §261.5(C)(1) and §136.1(B)(1) and is currently on Parole in the Superior Court of California, County of Riverside under Case Number BAF1200532. Said conviction was deemed a violent felony under California Penal §2933.1, and that during his incarceration from January 31, 2015 through September 10, 2014 ten additional cases were filed by him. Further, Plaintiff has been recently convicted of Felony Violation of Parole under California Penal Code §3056 on October 15, 2015 in the Superior Court of California, County of Riverside under Case Number BPR1501031.

///

///

///

///

///

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.; CASE NO. 5:15-cv-01700-ODW (DTBx)

- 14

### III. CONCLUSION

Defendants respectfully requests this Court review the case law, consider the mootness of the allegation(s) contained in Plaintiff's Complaint, and either dismiss Plaintiff's action in its totality or enter judgment in favor of Defendants.

Dated: December 21, 2016

Mahan & Mahan, Attorneys at Law

By _____
Kevin M. Mahan, Esq.
Attorney for Defendants

DEFENDANTS TRIAL BRIEF
SAMUEL LOVE vs. JOSE M. SANCHEZ et al.; CASE NO. 5:15-cv-01700-ODW (DTBx)

- 15